IN THE UNITED STATES DISTRICT COURT
FOR The EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GERSON ANTONION COLMENARES OJEDO | ) | |
| | ) | |
| Plaintiff | ) | **Complaint for a Civil Case** |
| | ) | 1-23-cv-07892 |
| -against- | ) | Case No.: |
| | ) | |
| PRONTO PIZZERIA CORP., 4519 28TH AVE CORP., CUISEPE CIOCCOTO, | ) | Jury Trial Not Requested |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff by and through his attorneys, Pagan Lopez Law PLLC, as and for their Verified Complaint (the "Complaint") against the Defendants, upon information and belief, alleges as follows:

## **PARTIES**

1. At all times hereinafter mentioned, Plaintiff, GERSON ANTONIO COLMANRES OJEDA was and is a resident of the State of New York over eighteen (18) years of age, with a mailing address at 12 Ford Street, Brooklyn, NY 11213.

2. At all times hereinafter mentioned, Defendant, PRONTO PIZZERIA CORP., was and is a corporation existing pursuant to the laws of the State of New York with a mailing address at 4519 28th Ave, Astoria, NY 11103.

3. At all times hereinafter mentioned, Defendant, GUISEPE CIOCCOTO was and is a resident of the State of New York over eighteen (18) years of age, with a mailing address at 4519 28TH AVE. to plaintiff's knowledge defendant, CUISEPE CIOCCOTO, is the business owner of PRONTO PIZZERIA CORP. with a mailing address of 4519 28th Ave, Astoria, NY 11103. At this time the defendants personal address is not known.

## **NATURE OF THIS ACTION**

4. This is a civil action brought by Plaintiff to recover unpaid earned wages, unpaid overtime, statutory penalties, compensatory and punitive damages and other damages due to Plaintiff under the New York Labor Laws and the Fair Labor Standards Act (FLSA).

5. Plaintiff worked for PRONTO PIZZERIA CORP., from on or about September 25, 2018, until October 2, 2022.

6. Plaintiff seeks declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay earned wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest and attorneys' fees and costs, pursuant to New York Labor Laws and the Fair Labor Standards Act (FLSA).

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. section 1331.[1]

8. This court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a) as they arise from the same employment.

9. Venue is proper in this District under 28 U.S.C. § 1391 because the entire cause of action occurred in Queens, New York, and the Defendant, Corporation resides in Queens, New York. Therefore, the Eastern District of New York is the proper venue.

10. The court has personal jurisdiction over Defendants because Defendants reside in the State of New York.

## FACTUAL BACKGROUND[2]

11. Plaintiff was employed by Defendant from on or about September 25, 2018, until on or about October 2, 2022.

12. Plaintiff was employed by Defendant as a restaurant staffer with various responsibilities.

13. Plaintiff's responsibilities included, but were not limited to making deliveries, heavy lifting, cleaning, manning the cash register, running errands for the business, etc.

14. Throughout his employment with Defendant, Plaintiff worked at least eight (8) hours per shift without lunch or breaks.

15. Throughout his employment with Defendant, Plaintiff normally worked 54-to-60-hour work weeks, with some weeks having worked 64 to 70 hours, where he both opened and closed the restaurant.

16. Throughout his employment with Defendant, Plaintiff was paid $7.95 per hour and was not paid any overtime. In 2018, the plaintiff earned $10 hourly from on or around March 2020 per week, and a salary of $540 per week regardless of the hours worked in that week.

---

[1] Based on information and belief, the Defendant's annual sales exceed $500,000, therefore, falling within the purview of federal law. *See generally* Porter v. T.J. Crowder & Sons, LLC, No. 1:22-CV-00808-STV, 2023 WL 4899551, at *5 (D. Colo. July 31, 2023).
[2] The factual record is corroborated by the attached Certification of Plaintiff.

17. Throughout his employment with Defendant, Plaintiff was paid in cash starting from on or around September 25, 2018, and direct deposit starting on or around February 2020.

18. Defendant never discussed overtime compensation or overtime work with Plaintiff.

19. Plaintiff never received any written record of his regular and/or overtime hours worked.

20. The New York Labor Law and Wage Theft Prevention Act requires employers to provide employees with a written notice of wage rates.

21. Throughout the relevant time, Defendant paid Plaintiff's wages without the required accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

22. Plaintiff was never given the required notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commissions, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## AS AND FOR A FIRST CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

23. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

24. Plaintiff was required by Defendant and regularly worked overtime.

25. Plaintiff was required by Defendant to work more than forty (40) hours per workweek.

26. Defendant failed to pay Plaintiff off the clock wages and overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked more than forty (40) per workweek, in violation of the FLSA.

27. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

28. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

29. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived wages for working off the clock and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION

### Failure to Pay Earned Wages in Violation of New York Labor Law

30. Plaintiff repeats and realleges all the allegations contained in the previous paragraphs.

31. Throughout the relevant time period, Plaintiff was an "employee" within the meaning of the New York Labor Law.

32. At all relevant times, Defendant was an "employer" within the meaning of New York Labor Law.

33. Defendant failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

34. Defendant's actions in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief of compliance with the New York Labor Law §663, *et. seq.*

35. As a result of the foregoing, Plaintiff has been denied his proper wages required under the New York Labor Law §663, *et. seq.* and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, pre-judgment interest and reasonable attorneys' fees and costs.

## AS AND FOR THE THIRD CAUSE OF ACTION

### Failure to Pay Overtime Compensation in Violation of New York Labor Law

36. Plaintiff repeats and realleges all the allegations contained in the previous paragraphs.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Labor Law § 652 and 12 NYCRR § 142-2.2.

38. Defendant failed to pay Plaintiff the required overtime premium of one and a half times the regular hourly rate of pay, in violation of the New York Labor Law.

39. Defendant's failure to pay required overtime was willful.

40. As a result of Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages and liquidated damages, as well as reasonable attorney's fees and costs of this action, including interest, pursuant to the New York Labor Law.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Failure to Provide Annual Wage Notices in Violation of New York Labor Law

41. Plaintiff repeats and realleges all the allegations contained in the previous paragraphs.

42. Defendant willfully failed to supply Plaintiff with wage notices, as required by New York Labor Law, Article 6 § 195(1), containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with the New York Labor Law, Article 6 § 191.

43. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the New York Labor Law, Defendant willfully violated New York Labor Law, Article 6 § 190 *et. seq.* and the supporting New York State Department of Labor Relations regulations.

44. Due to Defendant's willful violations of the New York Labor Law, Article 6 § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the New York Labor Law, Article 6 § 191(1-b).

## AS AND FOR A FIFTH CAUSE OF ACTION

### Failure to Provide Wage Statements in Violation of New York Labor Law

45. Plaintiff repeats and realleges all the allegations contained in the previous paragraphs.

46. Defendant willfully failed to supply Plaintiff with accurate statements of wages as required by New York Labor Law, Article 6 § 195(3), containing the dates of work covered by those payments of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

47. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the New York Labor Law, Defendant willfully violated New York Labor Law, Article 6 § 190 *et. seq.* and the supporting New York State Department of Labor Relations regulations.

48. Due to Defendant's willful violations of New York Labor Law, Article 6 § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by New York Labor Law, Article 6 § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the Court to enter judgment against Defendant in favor of the Plaintiffs as follows:

1) Damages for unpaid earned wages and unpaid overtime wages due to Plaintiff, along with liquidated damages permitted by law pursuant to the New York Labor Law, the supporting New York State Department of Labor Regulations and the Fair Labor Standards Act;
2) Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by New York Labor Law, Article 6 § 198;
3) Statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by New York Labor Law, Article 6 § 198;
4) For pre-judgment and post-judgment interest on the foregoing amounts;
5) For costs and disbursements of this action, including attorneys' fees; and
6) For such other and further relief the Court finds to be just and proper;

Dated: Long Island City, New York
October 23, 2023

*/s/ Roberto Pagan Lopez*
Roberto Pagan Lopez, ESQ.
Pagan-Lopez Law Office
28-07 Jackson Ave.
Tower Three Jackson, 5th Fl
Long Island City, NY 11101
Phone: 347-434-3041
Fax: 646-490-2159

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

GERSON ANTONIO COLMENARES OJEDA,

Plaintiffs,

-Against-

PRONTO PIZZERIA CORP.,
4519 28TH AVE CORP.,
GUISEPE CIOCCOTO,

Defendants

**CERTIFICATION**

Case No.: 1-23-cv-07892

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF QUEENS   )

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Long Island City, New York
October 23, 2023

_____
GERSON ANTONIO COLMANRES OJEDA

Sworn to before me this
October 23, 2023

_____
Notary Public

JOHN GOMIS
Notary Public - State of New York
No. 02GO0011002
Qualified in New York County
My Commission Expires 07/12/2027

7